**PAUL VARLACK and PATRICIA VARLACK, Individually, and as Parents, Guardians, and Next of Kin of Minor BRANDON R. VARLACK, Plaintiff**

**v.**

**JUMA MAHONEY, THE GOVERNMENT OF THE VIRGIN ISLANDS and THE TERRITORIAL COURT OF THE VIRGIN ISLANDS, Defendants**

Civil No. 165/1997

Territorial Court of the Virgin Islands

Division of St. Thomas and St. John

Sept. 20, 1999

RONALD E. RUSSELL, ESQ. (Ronald E. Russell, P.C.), Frederiksted, St. Croix, U.S.V.I. *Attorney for Plaintiffs*

GEORGE W. CANNON, JR., ESQ. (Law Offices of George W. Cannon, Jr.), Frederiksted, St. Croix, U.S.V.I. *Attorney for Defendants*

CABRET, *Judge*

### MEMORANDUM OPINION

Paul and Patricia Varlack ("the Varlacks") sued Juma Mahoney, the Government of the Virgin Islands ("the Government") and the Territorial Court of the Virgin Islands ("the Territorial Court") for

injuries allegedly sustained by the Varlack's minor son, Brandon Varlack. In their complaint, the Varlacks allege that Brandon was riding his bicycle on a public road when Mahoney "negligently collided into the bicycle."[1] The Varlacks further allege that at the time of the collision, Mahoney was driving a vehicle owned by the Government or the Territorial Court, was employed by the Government and the Territorial Court, and "was acting within the scope of [his] employment."[2] Mahoney moved the Court to dismiss the Varlacks' complaint against him, asserting that he is absolutely immune from suit under title 33, section 3416 of the Virgin Islands Code. The Court agrees with Mahoney and will therefore grant the motion.

## DISCUSSION

Under the Virgin Islands Tort Claims Act (the "Act"), the Virgin Islands Government waived its sovereign immunity under limited circumstances. *See* V.I. Code Ann. tit. 33, §§ 3401-3416 (1994); *see also Wiltshire v. Government of the Virgin Islands*, 893 F.2d 629, 633 (3rd Cir. 1990). The Act provides:

> Subject to the provisions of section 3416 of this chapter, the Government of the Virgin Islands hereby waives its immunity from liability and action and hereby assumes liability with respect to injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of an employee of the Government of the Virgin Islands while acting within the scope of his office or employment, under circumstances where the Government of the Virgin Islands, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Title 33, § 3408 (a). The caveat set forth in section 3416 provides immunity to government employees who cause an injury while operating a motor vehicle within the scope of his or her office or employment. Title 33, § 3416. In this regard, section 3416 states:

---

[1] Complaint at paragraph 6.

[2] *Id.* at paragraph 8.

The remedy against the Government of the Virgin Islands as provided by section 3408 of this chapter for injury or loss of property or for personal injury or death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his or her office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his or her estate whose act or omission gave rise to the claim.

*Id.* at § 3416.

In support of his Motion to Dismiss, Mahoney argues that section 3416 provides him with absolute immunity from suit because, as alleged in the complaint, he was operating a motor vehicle within the scope of his employment when the accident occurred. The Varlacks do not dispute that section 3416 applies to their claim against Mahoney. Instead, the Varlacks contend that section 3416 merely requires the Government to satisfy any judgment which may ultimately be awarded against Mahoney.[3] The Varlacks have misconstrued section 3416.

Section 3416 was apparently derived from section 2679 (b) (1) of the Federal Tort Claims Act. *See* 28 U.S.C.A. §§ 1346 (b), 2671 et seq. (West 1994); *McBean v. Government of the Virgin Islands*, 19 V.I. 383, 386 (Terr.Ct. 1983).[4] In construing section 2679 (b) (1) of the Federal Tort Claims Act, the Third Circuit has clearly stated that it was Congress' "'intent to protect federal employees from the

---

[3] *See* section 3414 which, under certain circumstances, requires the Government to satisfy a judgment against a government employee up to $100,000.

[4] Prior to 1988, section 2679 (b) (1) contained identical language to title 33, section 3416 of the Virgin Islands Code. In 1988, however, Congress amended several sections of the Federal Tort Claims Act to further protect Federal employees from personal liability for common law torts committed within the scope of their employment. These amendments are collectively titled the Federal Employees Liability Reform and Tort Compensations Act. The amendments were in response to the United States Supreme Court's opinion in *Westfall v. Erwin*, 484 U.S. 292, 108 S.Ct. 580, 98 L.Ed.2d 619 (1988), in which the Court indicated that Congress should further define the limits of federal employee immunity. *See* 28 U.S.C.A. § 2671 (Historical and Statutory Notes quoting Congressional Findings and Purposes set forth in Pub. L. No 100-694). The resulting legislation, also called the Westfall Act, included an amendment to section 2679 (b)(1) to broaden its application from injuries caused by a government employee's operation of a motor vehicle, to any injury caused by a government employee while acting within the scope of his or her employment. *See* 28 U.S.C.A. § 2679 (Historical and Statutory Notes).

uncertain and intimidating task of defending suits that challenge conduct within the scope of their employ.'" *Schrob v. Catterson*, 967 F.2d 929, 935 (3rd Cir. 1992). "Congress thus wished to grant immunity from both liability and litigation in those instances in which the employee was acting within the scope of his or her office or employment." *Melo v. Hafer*, 13 F.3d 736, 744 (3rd Cir. 1994) (emphasis added).

The immunity provided to federal employees under the Federal Tort Claims Act is invoked with a certification by the Attorney General of the United States that the employee was acting within the scope of his or her employment.[5] 28 U.S.C.A. § 2679 (d) (1). This certification "is prima facie evidence that the employee's challenged conduct occurred within the scope of employment, but it is not conclusive. Thus, a plaintiff challenging the certification has the burden of coming forward with specific facts rebutting it." *Schrob*, 967 F.2d at 936. Accordingly, there are cases under the Federal Tort Claims Act in which a plaintiff's challenge of the factual dispute concerning the scope of employment issue necessitates limited discovery and an evidentiary hearing to resolve the question. *See Melo*, 13 F.3d 736, 747. Even in cases where such limited litigation is necessary, once the court determines that an employee acted within the scope of employment, the United States must be substituted as a defendant for the employee. *See id.*

■ The Court can discern no reason why the immunity provided under section 3416 of the Virgin Islands Tort Claims Act should be treated differently from that provided under section 2679 (b) (1) of the Federal Tort Claims Act. The Third Circuit has consistently construed the language at issue as providing absolute immunity, *see Schrob*, 967 F.2d at 936; *Melo*, 13 F.3d 736, 747, and the Varlacks have cited no contrary authority. Although the Virgin Islands Tort Claims Act does not contain a scope certification procedure, that does not alter the type of immunity that is granted to a government employee who was acting within the scope of his or her employment. Accordingly, the Court concludes that, like the

---

[5] If the Attorney General refuses to issue the certification, the employee can petition the trial court to "find and certify that the employee was acting within the scope of his office or employment." 28 U.S.C.A. § 2679 (d) (3).

Federal Tort Claims Act, section 3416 of the Virgin Islands Tort Claims Act provides absolute immunity to government employees who fall within its breadth. This immunity insulates government employees from both liability *and litigation*, and thus protects such employees from the uncertain and intimidating task of defending suits that challenge conduct within the breadth of section 3416. *Schrob*, 967 F.2d at 935.

Turning to the instant case, it is clear that the Varlacks' complaint against Mahoney must be dismissed. The Varlacks do not challenge Mahoney's assertion that he was acting within the scope of his employment. Indeed, the Varlacks allege in their complaint that "Mahoney was acting within the scope of employment at the time that he negligently collided with the bicycle ridden by Plaintiff Brandon R. Varlack."[6] Inasmuch as section 3416 provides absolute immunity to a government employee under such circumstances, Defendant Mahoney's motion will be granted.

## CONCLUSION

■ For the above reasons, the Court concludes that Defendant Mahoney is entitled to absolute immunity in this case. Title 33, section 3416 of the Virgin Islands Code provides immunity from liability and litigation to government employees who cause an injury while operating a motor vehicle within the scope of their employment. The plaintiffs do not dispute that the injury at issue was sustained under such circumstances. Accordingly, the complaint against Defendant Mahoney will be dismissed.

---

[6] *Id.* at paragraph 8.