**TROY D. BREWLEY, Plaintiff**

**v.**

**GOVERNMENT OF THE U.S. VIRGIN ISLANDS, and CORRINE I. CAINES, Individually, Defendants**

Civil No. ST-11-CV-664

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

February 9, 2012

ANDREW L. CAPDEVILLE, ESQ., The Law Offices of Andrew L. Capdeville, P.C., St. Thomas, USVI, *Counsel for Plaintiff Troy D. Brewley*.

AQUANETTE Y. CHINNERY, ESQ., Assistant Attorney General, Department of Justice, St. Thomas, USVI, *Counsel for Defendants*.

CARROLL, *Judge*

## MEMORANDUM OPINION

(February 9, 2012)

Defendants Government of the U.S. Virgin Islands and Corrine I. Caines have filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure,[1] stating that Plaintiff Troy D. Brewley's Complaint fails to state a claim for relief. Defendants also assert under Rule 12(b)(1)[2] that this Court lacks subject matter jurisdiction over this case.[3] Because the Court, by Order dated December 21, 2011, permitted Brewley's late filing of his notice of intention to file a claim, the Court concludes that it has subject matter jurisdiction to hear this case. Having reviewed Brewley's Verified Complaint, however, the Court will grant the Motion to Dismiss as to Count I, and will dismss Caines as a defendant.

## DISCUSSION

■ A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction to hear the case.[4] A "facial attack" is similar to a Rule 12(b)(6) motion to dismiss and challenges "whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the [ ]court."[5] Alternatively, a "factual attack" challenges the existence of facts sufficient to confer subject matter jurisdiction.[6] To determine which 12(b)(1) standard applies, the Court must look at the specific challenge raised by the Government.[7]

Here, Defendants claim that the Court lacks subject matter jurisdiction because of Brewley's failure to meet certain requirements of the Virgin Islands Tort Claims Act. Thus, the Court interprets the Defendants' assertions as a factual attack. Specifically, Defendants claim that Brewley filed neither a notice of intention to file a tort claim nor a tort claim within ninety days, as outlined in title 33, section 3409 of the Virgin Islands Code. Because Brewley allegedly did not comply with the Tort Claims Act, the Government argues that it has not waived its sovereign immunity

---

[1] The Federal Rules of Civil Procedure apply to matters before this Court whenever they are not inconsistent with the Rules of the Superior Court. SUPER. CT. R. 7.

[2] Defendants did not cite to Rule 12(b)(1) in their motion. However, the Court construes the motion, alleging lack of subject matter jurisdiction, as one under Rule 12(b)(1).

[3] Defendants Government of the Virgin Islands and Corrine I. Caines are represented by Aquanette Y. Chinnery, Esq., Assistant Attorney General. Plaintiff Troy D. Brewley is represented by Andrew L. Capdeville, Esq.

[4] *Robinson v. Dalton*, 107 F.3d 1018, 1021 (3d Cir. 1997); FED. R. CIV. P. 12(b)(1).

[5] *Common Cause of Penn. v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009) (citing *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006)).

[6] *Carpet Group Int'l v. Oriental Rug Imps. Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir. 2000).

[7] *Cestonaro v. United States*, 211 F.3d 749, 752 (3d Cir. 2000).

in this case pursuant to title 33, section 3408(a) of the Virgin Islands Code. Defendants also cite several cases that stand for the proposition that strict adherence to the procedures set out in the Tort Claims Act is crucial to a waiver of sovereign immunity and subject matter jurisdiction.[8]

The Court agrees with Defendants that the requirements of Section 3409 are jurisdictional and that they must be strictly followed. The Court, however, notes that it has the discretion to permit the late filing of a notice of intention to file a tort claim pursuant to Section 3409(c). By Order dated December 21, 2011, the Court granted Brewley's Motion relating to the late filing of the tort claim, finding that Brewley had shown a reasonable excuse for the failure to timely file the claim, that the Government had actual knowledge of the facts constituting the claim and that Defendants would not be prejudiced by the late filing of the claim. In essence, then, Brewley had complied with the provisions of the Tort Claims Act and, thus, the Court has jurisdiction to hear this case. The Court will, therefore, deny the Motion to Dismiss for lack of subject matter jurisdiction.

The Court will now address Defendants' assertion that Brewley has failed to state a claim for relief under Rule 12(b)(6). To survive a 12(b)(6) motion to dismiss, the Plaintiff must plead sufficient facts to show that her claim for relief is plausible on its face.[9] For a claim to be facially plausible, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[11] "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[12] In evaluating

---

[8] *Pickering v. David*, 22 V.I. 105, 110 (Terr. Ct. 1986); *Harley v. Gov't of the Virgin Islands*, 18 V.I. 228, 231 (Terr. Ct. 1982); *Dublin v. Virgin Islands Tel. Corp.*, 15 V.I. 214 (Terr. Ct. 1977); *Mercer v. Gov't of the Virgin Islands*, 18 V.I. 171, 175 (Terr. Ct. 1982).

[9] *Bell Atl. v. Twombly*, 550 U.S. 544, 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *see also Williams v. Gov't of the Virgin Islands*, No. ST-07-CV-187, 2011 V.I. LEXIS 5 (V.I. Super. Jan. 21, 2011); *see also Jones v. L.S. Holdings, Inc.*, 53 V.I. 48, 53 (Super. Ct. 2010).

[10] *L.S. Holdings, Inc.*, 53 V.I. at 53 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009)).

[11] *Smith v. V.I. Hous. Auth.*, No. 09-CV-00011, 2011 U.S. Dist. LEXIS 19409 (D.V.I. Feb. 28, 2011) (quoting *Iqbal*, 129 S. Ct. at 1950)).

[12] *Iqbal*, 129 S.Ct. at 1949.

103

the sufficiency of the complaint, the Court must undertake a three-step analysis. "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' "[13] "Second, the court separates conclusions from well-pled factual allegations."[14] "Finally, assuming the truth of the well-pled facts, the court determines 'whether they plausibly give rise to an entitlement for relief.' "[15]

Defendants state that Caines is immune "from both liability and litigation."[16] The Tort Claims Act provides immunity to government employees who cause injury "while acting within the scope of his or her office or employment."[17] The Defendants point to Brewley's Verified Complaint which states that Caines acted "within the course and scope of her employment."[18] Admitting that Caines acted within the scope of her employment, Defendants posit that she is immune from suit under the Tort Claims Act.

Furthermore, Defendants assert that Brewley's alternative theory of individual liability in his Verified Complaint, in which he states that "in the alternative, [Caines acted] outside of the course and scope of her employment"[19] cannot survive a motion to dismiss. The Defendants contend that Brewley's conclusion that Caines acted outside of the course and scope of her employment is unsupported by facts in the Verified Complaint and, at best, it is mere speculation.

██ The Court notes that the Verified Complaint is ambiguous since it states that Caines was "driving a government vehicle within the course and scope of her employment or, in the alternative, acting outside of the course and scope of her employment."[20] The Court agrees with the Defendants, though, that Brewley has not alleged facts that support the alternative theory that Caines acted outside of the course and scope of her employment. Importantly, Brewley states that the Government authorized

---

[13] *Williams*, 2011 V.I. LEXIS 5 at *4 (quoting *Iqbal*, 129 S. Ct. at 1947).

[14] *Id.*

[15] *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

[16] *Varlack v. Mahoney*, 41 V.I. 115, 119 (Terr. Ct. 1999).

[17] V.I. CODE ANN. tit. 33, § 3416 (1994).

[18] (V. Compl. ¶ 4.)

[19] (*Id.*)

[20] (*Id.*)

Caines to operate the vehicle,[21] that she was in the employ of the Government, and operated the vehicle within the course and scope of her employment.[22] In addition, Brewley states that Caines "negligently operated the government vehicle by causing her vehicle to accelerate and turn into a parking lot thereby colliding with great force and impact into the back of Brewley's vehicle."[23] These facts do not support Brewley's alternative theory that Caines's actions were outside of the course and scope of her employment.[24]

For that reason, the Court will grant the Motion to Dismiss with respect to Count I of the Verified Complaint and will dismiss Caines from this action. In an effort of judicial economy, the Court will direct Brewley to file an amended verified complaint, consistent with this Order, by removing Count I and all references to Caines.

## CONCLUSION

Since the Court, by Order dated December 21, 2011 permitted Brewley's late filing of his notice of intention to file a claim, it concludes that it has subject matter jurisdiction to hear this case. Therefore, the Defendants' Motion to Dismiss with respect to subject matter jurisdiction will be denied. Having found that Brewley has failed to state a claim for relief under Rule 12(b)(6), the Court will grant the Motion to Dismiss with respect to Count I. Consequently, the Court will direct Brewley to file an amended verified complaint, consistent with this Order and with LRCI. 15.1, by removing Count I and all references to Caines.

---

[21] (*Id.* ¶¶ 6, 27.)

[22] (*Id.* ¶ 20.)

[23] (*Id.* ¶ 8.)

[24] *See* RESTATEMENT (SECOND) OF AGENCY § 229(1) ("To be within the scope of the employment, conduct must be of the same general nature as that authorized, or incidental to the conduct authorized.").