**YUXIANG PENG, individually and as next of kin to the minor child JUNSHAN FANG, Plaintiff**

**v.**

**DR. WILBERT WILLIAMS, Defendant**

Case No. SX-10-CV-056

Superior Court of the Virgin Islands

Division of St. Croix

July 24, 2017

WILLOCKS, *Administrative Judge*

## MEMORANDUM OPINION AND ORDER

(July 24, 2017)

**THIS MATTER** came before the Court on Plaintiff Yuxiang Peng, individually and as next of kin to the minor child Junshan Fang's (hereinafter "Plaintiff") motion for leave to file an amended complaint, filed on June 29, 2017. A copy of the proposed amended complaint was attached to said motion. In response, Defendant Dr. Wilbert Williams filed a notice of no objection.

Upon review of Plaintiffs proposed amended complaint, it has come to the Court's attention that Plaintiff failed to satisfactorily plead facts demonstrating that she complied with the pre-filing requirements of the Virgin Islands Medical Malpractice Act and the Virgin Islands Tort Claims Act.

■ The Virgin Islands Medical Malpractice Act (hereinafter "VIMMA"), Title 27 V.I.C. § 166 *et seq.* provides that "[n]o action against a health care provider may be commenced in court before the claimant's proposed complaint has been filed with the [Medical Malpractice Action Review] Committee and the [Medical Malpractice

483

Action Review] Committee has received the expert opinion as required by this section, provided, that if said opinion is not received by the [Medical Malpractice Action Review] Committee within ninety days from the date the complaint was filed with the [Medical Malpractice Action Review] Committee, the claimant may commence his action against the health care provider in court; Provided further, That the commencement of the court action shall not prevent the Committee from obtaining the expert opinion." *See* Title 27 V.I.C. § 166i(b). The Supreme Court of the Virgin Islands has made it clear that the pre-filing requirements under Title 27, section 166i of the Virgin Islands Code are jurisdictional. *See Brady v. Cintron*, 55 V.I. 802, 802 (V.I. 2011). Thus, "the requirements of [S]ection 166i are non-waivable jurisdictional conditions that must be satisfied in order to vest the Superior Court with subject matter jurisdiction to hear an individual's medical malpractice claims." *Id.*

 It is well established that a court may *sua sponte* consider the issue of subject matter jurisdiction. *See Drayton v. Drayton*, 65 V.I. 325, 332 (V.I. 2016); *see also V.I. Waste Management Auth. v. Bovoni Investments, LLC*, 61 V.I. 355, 363 (V.I. 2014). It is the plaintiff's burden to convince the court that the court has jurisdiction. *Tyson v. Samuel*, 2017 V.I. LEXIS 79, at *3 (Super. Ct. May 24, 2017). Here, Plaintiff simply asserted a single conclusory allegation in her proposed amended complaint that she has "complied with all jurisdictional prerequisites of the [Virgin Islands] Medical Malpractice Act and the Virgin Islands Tort Claims Act." (Amended Compl. ¶ 4.) This unsupported assertion is not entitled to the presumption of truthfulness. "In order to plead a plausible claim under the VIMMA, [the plaintiff] was required to plead facts demonstrating the date she timely filed a proposed complaint with the Committee, the date the Committee forwarded her proposed complaint to any experts for review, or the date when the experts rendered an opinion on her claim (or that ninety days has elapsed since the filing of her proposed complaint)." *James-St. Jules v. Thompson*, 2015 V.I. LEXIS 74, at *12-13 (Super. Ct. June 25, 2015). Plaintiff's amended complaint is devoid of these procedural prerequisites. Nonetheless, despite these deficiencies, the Court will grant Plaintiff an opportunity to amend her pleadings to plead facts demonstrating that she complied with the pre-filing requirements under the VIMMA.

 Furthermore, because Plaintiff alleged a claim for medical malpractice against Defendant Wilbert Williams. M.D., a physician

working at the Governor Juan F. Luis Hospital and Medical Center, a government-owned facility, the provisions of the Virgin Islands Tort Claims Act[1] (hereinafter "VITCA") also applies to the facts of this case. Unlike the VIMMA, the Supreme Court of the Virgin Islands has yet to definitively rule whether the pre-filing requirements under the VITCA are jurisdictional or non-jurisdictional claims-processing rules. *See Fleming v. Cruz*, 62 V.I. 702, 718 (V.I. 2015) ("In this case, we do not decide whether the VITCA's claim-filing requirements are jurisdictional . . . We leave a decision on whether the VITCA's claim-filing mandates are jurisdictional for another day."). However, in *Richardson v. Knud Hansen Mem'l Hosp.*, 744 F.2d 1007, 1010 (3d Cir. 1984),[2] the Third Circuit Court of Appeals

---

[1] The Revised Organic Act grants sovereign immunity to the Government of the Virgin Islands for tort claims. Title 48 U.S.C. § 1541(b) ("That no tort action shall be brought against the government of the Virgin Islands or against any officer or employee thereof in his official capacity without the consent of the legislature constituted by this Act [48 USCS § 1541 *et seq.*]." By enacting the VITCA, the government of the Virgin Islands waived its sovereign immunity to tort claims, assuming that the plaintiff satisfies certain procedural requirements. Title 33 V.I.C. § 3408(a) ("Subject to the provisions of section 3416 of this chapter, the Government of the United States Virgin Islands hereby waives its immunity from liability and action and hereby assumes liability with respect to injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of an employee of the Government of the United States Virgin Islands while acting within the scope of his office or employment, under circumstances where the Government of the United States Virgin Islands, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. The Government consents to have the liability determined in accordance with the same rule of law as applied to actions in the courts of the Virgin Islands against individuals or corporations; Provided, That the claimant complies with the provisions of this chapter.").

[2] In *Richardson*, the Third Circuit Court of Appeals — exercising its power as the final arbiter of Virgin Islands local law — held that the terms under which the Government of the Virgin Islands consented to waive its immunity from tort liability, as embodied in the VITCA, are jurisdictional and "It follows that the terms may not be waived." 744 F.2d at 1010. The Supreme Court of the Virgin Islands has made it clear that decisions rendered by the Third Circuit while serving as the *de facto* court of last resort in the Virgin Islands "are binding upon the Superior Court of the Virgin Islands even if they would only represent persuasive authority when [the Supreme Court] considers an issue." *Najawicz v. People of the Virgin Islands*, 58 V.I. 315, 327-28 (V.I. 2013) (internal citation omitted); *see also In re People of the Virgin Islands*, 51 V.I. 374, n.9 (V.I. 2009). Thus, the Third Circuit's holding in *Richardson* remains binding on this Court.

The Court notes that, while the case in *Richardson* originated in the District Court of the Virgin Islands in 1980, the District Court was acting as a territorial court when it adjudicated Richardson's claim for wrongful death. *See Callwood v. Enos*, 230 F.3d 627, 43 V.I. 293, 297-98 (3d Cir. 2000) (The District Court of the Virgin Islands used to have general original

found that compliance with the pre-filing requirements under the VITCA are jurisdictional, and thus concluded that a challenge to such compliance may be raised at any stage of the proceedings.[3] Other Virgin Islands courts have similarly held that failure to comply the pre-filing requirements under the VITCA precludes a court from exercising subject matter jurisdiction over such claims. *See, e.g., Brunn v. Dowdye*, 59 V.I. 899, 905 n.6 (V.I. 2013) (assuming without deciding that section 3408(a) of the VITCA was jurisdictional); *Brewley v. Government of the Virgin Islands*, 59 V.I. 100, 103 (V.I. Super. Ct. 2012) (opining that "the requirements of section 3409 of the VITCA are jurisdictional and that they must be strictly followed"); *Speaks v. Gov't of the Virgin Islands*, 2009 U.S. Dist. LEXIS 3565, at *16 (D.V.I. Jan. 14, 2009) ("Timely compliance with the VITCA's notice requirement is a jurisdictional prerequisite to bringing suit on a plaintiff's tort claims."); *Christopher v. Gov. Juan F. Luis Hosp. & Med. Ctr.*, 2016 V.I. LEXIS 165, at *11 (Super. Ct. Oct. 12, 2016) (following the Third Circuit Court of Appeal's holding in *Richardson*). Again, Plaintiff's proposed amended complaint is devoid of these procedural prerequisites. Nevertheless, the Court will similarly grant Plaintiff an opportunity to amend her pleadings to plead facts demonstrating that she complied with the pre-filing requirements under the VITCA.

Accordingly, it is hereby:

**ORDERED** that Plaintiffs motion for leave to file an amended complaint, filed on June 29, 2017 is **GRANTED**. However, the proposed amended complaint shall be STRICKEN. It is further:

**ORDERED** that, **within four (4) weeks** from the date of entry of this Order, Plaintiff shall file a new first amended complaint to include allegations regarding the pre-filing requirements under the VIMMA and the VITCA and attach any supporting documents as exhibits. The first

---

jurisdiction over all civil actions arising under territorial law in which the amount in controversy was more than $500); *see also Carty v. Beech Aircraft Corp.*, 679 F.2d 1051, 1057, 19 V.I. 641 (3d Cir. 1982) (characterizing jurisdiction of the District Court of the Virgin Islands under the Revised Organic Act prior to the 1984 amendments as "more like a state court of general jurisdiction than a United States district court."). For a detailed description of the development of the judiciary of the Virgin Islands, see *James-St. Jules v. Thompson*, 2015 V.I. LEXIS 74, at *16-20.

[3] In light of its finding that compliance with the pre-filing requirements under the VITCA are jurisdictional, the Third Circuit concluded that a challenge to such compliance may be raised at any stage of the proceedings. *Richardson*, 744 F.2d at 1010.

amended complaint shall comply with the Virgin Islands Rule of Civil Procedure 15-1. **And** it is further:

**ORDERED** that Plaintiff shall attach a copy of this Memorandum Opinion and Order to her first amended complaint.