

**FILED**

March 19, 2024 10:00 AM
ST-2023-CV-00267
**TAMARA CHARLES**
**CLERK OF THE COURT**

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**
**\*\*\*\*\*\*\*\*\*\*\*\*\***

| | |
|---|---|
| AAC-AIR AMBULANCE CARIBBEAN, INC. D/B/A/ AEROMD, | ) CASE NO. ST-2023-CV-00267 )<br>) |
| Plaintiff, | ) JURY TRIAL DEMANDED ) |
| -vs- | )<br>) |
| CIGNA HEALTH AND LIFE INSURANCE COMPANY; AXA ASSISTANCE USA INC.; AXA GROUP, LLC; and BEVERLY A. JOSEPH, GILBERT COMMISSIONG, LORI ANDERSON, CLEMMIE MOSSES ST. JOHN, LORRAINE MORTON, ANDRE DORSEY, DR. KISHA CHRISTIAN, DEBBIE CHRISTOPHER, AND JOHN ABRAMSON, JR., COLLECTIVELY, in their Official Capacities as Members of the Government Employees Service Commission Health Insurance Board, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

RYAN MEADE, ESQUIRE (Ryan Meade Chartered Attorney, LLC), St. Thomas, USVI, *For the Plaintiff.*

SHEENA CONWAY, ASSISTANT ATTORNEY GENERAL (V.I. Department of Justice), St. Thomas, USVI, *For Defendants* Government Employees Service Commission, Lori Anderson, Andre Dorsey, Beverly Joseph, and Lorraine Morton.

ERIC A. HILLER, ESQUIRE (Kennedys CMK LLP), Miami, Florida, *For Defendant* AXA Assistance USA, Inc.

MARIA T. HODGE, Esquire (Hodge & Hodge), St. Thomas, USVI, *For Defendant* Cigna Health and Life Insurance Company.

Cite as 2024 VI Super 14U

**<u>MEMORANDUM OPINION AND ORDER</u>**

¶1    This matter is before the Court on:

*AAC-Air Ambulance Caribbean, Inc. d/b/a AEROMD v. Cigna et al*
Case No. ST-2023-CV-00267
Memorandum Opinion and Order
Page 2 of 12

2024 VI Super 14U

1.     Defendants' Motion To Dismiss ("Motion"), filed December 22, 2023 on behalf of Government Employees Service Commission, Lori Anderson, Andre Dorsey, Beverly Joseph, and Lorraine Morton[1];

2.     Plaintiff AAC-Air Ambulance Caribbean, Inc. d/b/a AeroMD's Response To Motion To Dismiss ("Response"), filed January 31, 2024; and

3.     Defendants' [Government Employees Service Commission] Reply To Plaintiff's Response To Motion To Dismiss; filed February 16, 2024.

¶2     The Court will grant Defendants' Motion and dismiss the Government Employees Service Commission Health Insurance Board ("GESC") Board Members from the case with prejudice as the Court lacks subject-matter jurisdiction over them.

## I.    INTRODUCTION

¶3     On August 8, 2023, Plaintiff AAC-Air Ambulance Caribbean, Inc. d/b/a AeroMD ("AeroMD") filed a Complaint against Cigna Health and Life Insurance Company ("Cigna"), AXA Assistance USA Inc. ("AXA"), AXA Group LLC ("AXA Group"), as well as members of the GESC Board collectively in their official capacities as members of GESC: Beverley A. Joseph, Gilbert Commissiong, Lori Anderson, Clemmie Mosses St. John, Lorraine Morton, Andre Dorsey, Dr. Kisha Christian, Debbie Christopher, and John Abramson Jr. (collectively, "Board Members"), asserting thirteen (13) causes of action: Count I – Breach of Express Contract, asserted against all Defendants; Count II – Breach of Implied-In-Fact Contract, asserted against all Defendants; Count III – Quantum Meruit/Unjust Enrichment, asserted against all Defendants; Count IV – Breach of Contract asserted by AeroMD as Third-Party Beneficiary of the Cigna Plans, asserted against all Defendants; Count V – Breach of Fiduciary Duty – Cigna Non-ERISA Plans, asserted against Cigna and AXA; Count VI – Breach of Fiduciary Duty – VI Government Plan, asserted against all Defendants; Count VII – Tortious Interference with Prospective Business Relations, asserted against Cigna and AXA; Count VIII – Tortious Interference with Existing Contracts – Contract Between AeroMD and Cigna/GESC, asserted against AXA; Count IX – Tortious Interference with Existing Contracts – AeroMD Membership Program Contracts Between AeroMD and Certain Cigna Plan Enrollees, asserted against Cigna and AXA; Count X – Violation of the Virgin Islands Prompt Pay Statute, 22 V.I.C. § 1725, asserted against all Defendants; Count XI – Prima Facie Tort, asserted against all Defendants; Count XII – Gross Negligence, asserted against Cigna and AXA; and Count XIII – Declaratory Judgment – Unfair Practices and Frauds Act, asserted against all Defendants.[2]

¶4     AeroMD seeks damages for unpaid benefits; injunctive and declaratory relief to prevent Defendants from engaging in actions prohibited by the Cigna plans and law; an order directing Defendants to pay benefits in accordance with the Cigna plan; an award of lost profits, contractual

---

[1] These were the only Defendants served with process as of December 22, 2023.

[2] Pl.'s Compl. 18-35.

*AAC-Air Ambulance Caribbean, Inc. d/b/a AEROMD v. Cigna et al*
Case No. ST-2023-CV-00267
Memorandum Opinion and Order
Page 3 of 12

2024 VI Super 14U

damages, and compensatory damages; an award of exemplary damages; restitution for reimbursements improperly held by Defendants; declaration that Defendants violated the terms of the Cigna Plans; requiring that Defendants pay AeroMD the benefit amounts; requiring that Defendants make full payments on all previously denied charges; an award of reasonable attorney's fees; an award of costs of suit; an award of pre-judgment interest and post-judgment interest; and all other relief to which AeroMD is entitled.[3] AeroMD demands a jury trial.[4]

¶5    GESC moves to dismiss AeroMD claims pursuant to Virgin Islands Rule of Civil Procedure 12(b)(1) asserting lack of subject-matter jurisdiction.[5] GESC argues that AeroMD has alleged eight (8) claims against GESC that sound in contracts, but neither GESC nor its board members are parties to any contracts with AeroMD nor do they have the capacity to contract.[6] GESC asserts that to carry out its duties as the Health Insurance Board of Trustees, it makes an annual recommendation to the Governor of the Virgin Islands about which health insurance plan the Government of the Virgin Islands ("GVI") should adopt.[7] GESC "manages the procurement process to vet the prospective vendors for the Plan" as well as approves the vendor and the proposed contract before recommending it to the Governor and submitting it to the Legislature of the Virgin Islands.[8] GESC points out that Cigna is the current vendor and may sub-contract to fulfill its services obligation and neither GESC or GVI are parties to those contracts nor do they vet them.[9] GESC avers that the rates in those sub-contracts are proprietary information and GESC and the Board Members have no knowledge of those rates.[10]

¶6    GESC argues that the enabling statute does not give GESC the right to sue or be sued in its own name, and GESC is thus not a proper party to this action.[11] GESC argues that it does not have the authority to contract and once the insurance plan is executed, it is administered by the Division of Personnel not GESC.[12] GESC states that since it is not a party to any contract with AeroMD and Cigna or AXA/AXA Group, Counts I-IV, VI, X, XI, and XIII are frivolous claims against it and must be dismissed.[13]

¶7    AeroMD counters that GESC is not a named party to the suit, but rather the individual Board Members are and "each is *suis juris* in that capacity."[14] AeroMD cites to V.I. CODE ANN. tit. 3, § 631(a) which vests the responsibility for the proper operation of the health insurance plan with the GESC Board Members.[15] AeroMD cites then to § 633(a) which authorizes the GESC

---

[3] Pl.'s Compl. 36-37.
[4] Pl.'s Compl. 36.
[5] Defs.' Mot. 1.
[6] Defs.' Mot. 2.
[7] Defs.' Mot. 2.
[8] Defs.' Mot. 2.
[9] Defs.' Mot. 2.
[10] Defs.' Mot. 3.
[11] Defs.' Mot. 5.
[12] Defs.' Mot. 5.
[13] Defs.' Mot. 6.
[14] Pl.'s Resp. 2.
[15] Pl.'s Resp. 3.

Board "to establish a self-funded health insurance plan or to purchase a contract (or contracts) to provide benefits under a health insurance plan" as well as § 631(b)(4) which authorizes the Board to adopt rules and regulations related to "contracting with a third party administrator to administer a self-funded health insurance plan."[16]AeroMD states "[u]pon information and belief, the current Health Insurance plan is a self-funded plan and GESC Board Members, delegated some of their statutory administration obligations to co-defendant CIGNA."[17]

¶8     AeroMD asserts that a "cursory reading of the detailed [C]omplaint shows that: 1) there were no 'in-network' contract [sic] between AeroMD and co-defendant CIGNA which would cover the 'rates for the products and/or services'" as well as that "AeroMD was contracted to perform lifesaving medivac flight, by Defendants either as principals or agents of each other, on behalf of plan enrollees, under the plan which is operated by the GESC Board Members and which the GESC Board is statutorily authorized to do."[18] Lastly, AeroMD cites to § 637 to argue that the "Legislature of the Virgin Islands further saw fit to empower the GESC Board Members with the authority and responsibility for paying vendors under the plan directly."[19] AeroMD avers that "Plaintiff AeroMD has presented valid bills to the GESC Board Members and diligently sought to collect these overdue amounts from Defendants to no avail."[20]

¶9     GESC replies that AeroMD misstates the law and facts as "Board Members in their official capacity have no legal administrative duties or responsibilities under the plans" and "Board Members in their official capacity do not and cannot process claims or pay invoices."[21] GESC argues that despite AeroMD's insistence, GESC and the Board Members are both parties to this suit.[22] GESC reiterates it was established to advise and recommend to the Governor of the Virgin Islands which vendors he should select for GVI's health insurance plan.[23] GESC states that both plans it has recommended, the Cigna Plan (for employees and retirees under 65) and its United Healthcare Plan (for retirees over 65) are fully insured health plans where the insurer assumes the risk of paying the medical claims and the GVI/Division of Personnel are responsible for administering the plans.[24]

¶10     GESC states that it is a party to the case as "[Board] Members of GESC in their official capacity are acting as the GESC, and as such, a suit against the Members of GESC in their official capacity is an action against the GESC," citing to United State Supreme Court case *Kentucky v. Graham.*[25] GESC points out that paragraphs 26, 27, and 32 plainly claim the Court has jurisdiction over GESC, the agency.[26] GESC further notes that AeroMD sent summons to the Government

---

[16] Pl.'s Resp. 4.

[17] Pl.'s Resp. 4.

[18] Pl.'s Resp. 4.

[19] Pl.'s Resp. 4.

[20] Pl.'s Resp. 5.

[21] Defs.' Reply 2.

[22] Defs.' Reply 2.

[23] Defs.' Reply 2.

[24] Defs.' Reply 2-3.

[25] 473 U.S. 159, 166 (1985) (citing *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985)); Defs.' Reply 3.

[26] Defs.' Reply 3-4.

Employees Service Commission Health Insurance Board care of both Governor Albert Bryan Jr. and Attorney General Ariel M. Smith.[27] GESC refutes that § 637 requires Board Members in their official capacity to make payments, as under the fully insured health plans, "the authority to process and pay the claims for the plan benefits has been contractually outsourced to CIGNA and United Healthcare."[28] Thus, "GESC and Board Members of GESC in their official capacity, have no capacity, duty, or authority to pay AeroMD for any outstanding invoices generated by those enrollees it alleges are due to it."[29]

¶11    GESC states that additionally, all the tort claims against it, Counts VI and XI, must fail, as Board Members are GVI employees and AeroMD has not complied with the Virgin Islands Tort Claims Act ("VITCA"), the pre-filing requirements of which are jurisdictional.[30] GESC maintains that AeroMD has not complied with 33 V.I.C. § 3410, which requires filing with the Governor and the Attorney General a notice of intent.[31] GESC avers that "[a]fter a diligent search there is no evidence that a notice of intent has been served on the Office of the Governor or the Attorney General of the U.S. Virgin Islands."[32] Citing to Virgin Islands caselaw, GESC argues that AeroMD has not met its burden of showing it complied with this jurisdictional requirement and thus the tort claims should be dismissed.[33]

¶12    GESC then argues that Counts related to the Prompt Pay by Insurer statute (22 V.I.C. § 1725) and the Unfair Practices and Fraud Act (22 V.I.C. § 1201), Counts X and XIII respectively, must be dismissed as GESC and its Board Members are not insurers or in the business of insurance, so the statutes are inapplicable to them.[34] Lastly, GESC again argues all the Counts related to contracts (I-IV) are frivolous since GESC enabling statute does not allow them to be sued or to sue.[35]

## II.    LEGAL STANDARD

### A. Motion To Dismiss – 12(b)(1)

¶13    As this Court recently outlined in *United Resources, Ltd. v. Virgin Islands Waste Management Authority*[36]

---

[27] Defs.' Reply 4.

[28] Defs.' Reply 4.

[29] Defs.' Reply 4.

[30] Defs.' Reply 4-5.

[31] Defs.' Reply 5.

[32] Defs.' Reply 5.

[33] Defs.' Reply 5 (citing first *Lewis v. V.I. Gov't Hosp. & Health Facilities Corp.*, 76 V.I. 145, 155 (V.I. Super. Ct. 2022); then citing *Yuxiang Peng v. Williams*, 67 V.I. 482, 484 (V.I. Super. Ct. 2017)).

[34] Defs.' Reply 5-6.

[35] Defs.' Reply 6.

[36] 2024 VI Super 9U.

*AAC-Air Ambulance Caribbean, Inc. d/b/a AEROMD v. Cigna et al*
Case No. ST-2023-CV-00267
Memorandum Opinion and Order
Page 6 of 12

2024 VI Super 14U

Virgin Islands Rule of Civil Procedure 12(b)(1) allows a party to assert by motion the defense that the Court lacks subject-matter jurisdiction. As Rule 12(b)(1) is a jurisdictional attack, the Court must consider that motion before reaching 12(b)(6) motions. A Rule 12(b)(1) motion may be treated either as facial or factual. The difference, as explained by the Virgin Islands District Court, is that "[o]n a facial attack, a court must accept the allegations in the complaint as true" whereas with a factual challenge "the plaintiff's allegations are not presumed to be true." With a facial attack, the Court only looks to the complaint and any documents referenced in or attached to the complaint in a light most favorable to the plaintiff. However, when the challenge is factual, the Court must evaluate the merits of the jurisdictional claim based on the evidence offered by either party and the plaintiff is not afforded a presumption of truthfulness.[37]

## B. Virgin Islands Tort Claims Act – Filing Requirement

¶14    Title 33 V.I.C. § 3410 states:

The claim or notice of intention shall be filed in the Office of the Governor and a copy shall be served upon the Attorney General and a written receipt therefor shall be issued with the date of filing indicated thereon. The claim shall state the time when and the place where such claim arose, the nature of same, and items of damage or injuries claimed to have been sustained and the total sum claimed. The notice of intention to file a claim shall set forth the same matters except that the items of damage or injuries and the sum claimed need not be stated. The claim and notice of intention to file a claim shall be verified.

¶15    In *Richardson v. Knud Hansen Memorial Hospital*,[38] the Third Circuit held that the Virgin Islands has sovereign immunity from tort claims and that "the Government of the Virgin Islands may not be sued without its consent" and that "the terms of this consent are jurisdictional, just as they are under the Federal Tort Claims Act."[39] In *Lewis v. Virgin Islands Government Hospital & Health Facilities Corp.*,[40] this Court held that "a single conclusory allegation that Plaintiff has complied with all the pre-filing jurisdictional requirements of the VITCA will not suffice."[41] In *Yuxiang Peng v. Williams*,[42] this Court stated that "[i]t is the plaintiff's burden to convince the court that the court has jurisdiction . . . Plaintiff simply asserted a single conclusory allegation in

---

[37] *Id.* at ¶ 8 (internal citations omitted).
[38] 744 F.2d 1007 (3d Cir. 1984).
[39] *Id.* at 1010.
[40] 2022 VI Super 33.
[41] *Id.* at ¶ 11.
[42] 67 V.I. 482 (V.I. Super. Ct. 2017).

her proposed amended complaint that she has 'complied with all jurisdictional prerequisites of the [Virgin Islands] Medical Malpractice Act and the Virgin Islands Tort Claims Act.'"[43]

### C. GESC Governing Statutes

¶16     The statutes governing GESC and its Board Members are found in 3 V.I.C. §§ 631-640a. Relevant portions are highlighted below. Section 631 establishes the Board and provides in part:

> (a)     The responsibility for the proper operation of the Government health insurance plan, which plan shall for purposes of this subchapter also include and authorize a life insurance plan, and for making effective the provisions of this subchapter is hereby vested in a board of trustees. The members of the Government Employees' Service Commission shall serve ex officio as the Health Insurance Board of Trustees (hereinafter in this subchapter referred to as the "Board"). . .
>
> (b) The Board, subject to the provisions of this subchapter, is hereby empowered to adopt rules and regulations relating to:
>
> (1) the eligibility of (a) active and (b) retired employees of the Government of the United States Virgin Islands to participate in the health insurance plan authorized by this subchapter,
>
> (2) the terms and conditions of the insurance contract or contracts, as applied to (a) active employees and (b) retired employees,
>
> (3) the purchase of such insurance contract or contracts and the administration of the health insurance plan, and
>
> (4) contracting with a third party administrator to administer a self-funded health insurance plan.
>
> (c) The Board shall create an advisory committee of seven (7) members, which shall meet at least twice each year to advise and assist the Board in carrying out its functions and responsibilities under this subchapter and to review from time to time the health insurance plan.[44]

¶17     Section 637 which deals with payment of benefits states in full:

---

[43] *Id.* at 484 (citing *Tyson v. Samuel*, Case No. SX-2014-CV-00105, 2017 V.I. LEXIS 79, at *3 (Super. Ct. May 24, 2017)).

[44] 3 V.I.C. § 631.

Any benefits payable under the plan may be made either directly to the attending physicians, hospitals, medical groups, or others furnishing the services upon which a claim is based, or to the covered employee, upon presentation of valid bills for such services, subject to such provisions to facilitate payment as may be made by the Board.[45]

¶18    Section 638 which deals with contributions states in part:

(c) Notwithstanding any other law to the contrary, the Division of Personnel may make straight payments of the Health Insurance premiums under subsection (a) to the Government of the Virgin Islands Health Insurance provider.[46]

¶19    Lastly, § 640a, which governs a "Health Insurance Special Projects Fund," states in part:

(a) Notwithstanding any other law, the Board may establish and maintain a separate operating bank account to be known as the "Health Insurance Special Projects Fund" ("the Fund"). The Board shall provide for the administration of the Fund and shall promulgate rules and regulations governing expenditures from the Fund, consistent with the provisions of this section.

. . . .

(e) The Chairperson of the Board, or his designee or designees shall be empowered to expend money from the Fund.

(f) Monies in the fund shall be expended for expenses, including operating costs and expenses of the Board not otherwise provided for by the operating budget of the Division of Personnel, or other costs and expenses associated with the administration of the group insurance program as may be considered necessary and as duly authorized by the Board.[47]

### D. Contract

¶20    The Virgin Islands Supreme Court in *Phillip v. Marsh-Monsanto*[48] adopted the following elements for breach of contract claims: "(1) an agreement; (2) a duty created by that agreement; (3) a breach of that duty; and (4) damages."[49]

### E. Insurer Prompt Pay Statute

¶21    The "Prompt Pay Statute" for insurers is located in 22 V.I.C. § 1725 and states in full:

---

[45] 3 V.I.C. § 637.

[46] 3 V.I.C. § 638(c).

[47] 3 V.I.C. § 640a(a); 3 V.I.C. § 640a(e); 3 V.I.C. § 640a(f).

[48] 66 V.I. 612 (V.I. 2017).

[49] *Id.* at 621 (citing *Brouillard v. DLJ Mortg. Capital, Inc.*, 63 V.I. 788, 798 (V.I. 2015)).

*AAC-Air Ambulance Caribbean, Inc. d/b/a AEROMD v. Cigna et al*
Case No. ST-2023-CV-00267
Memorandum Opinion and Order
Page 9 of 12

2024 VI Super 14U

(a) Any insurer providing health insurance coverage shall be required to process and pay any uncontested claim, within thirty (30) calendar days from the date of receiving the claim.

(b) If there is a contested claim, the insurer shall, within the same thirty (30) day calendar period notify the health care provider of its decision not to reimburse that amount, which notice shall provide a clear and concise statement to the health care provider of all the reasons for the insurer's decision.

(c) Any insurance payment which is not made within the thirty day period shall accrue interest at the rate of 10% or the prevailing prime rate applicable on the date of payment, pursuant to Title 11, section 951 of this Code, or whichever is greater, from the date the services were provided to the date of payment.

(d) The health care provider shall be entitled to receive payment from the patient for any services rendered which are not reimbursable by the insurer within sixty days after service is rendered.

(e) The Commissioner of Insurance may review any contested claim to determine whether (1) the services are covered under a health insurance plan, (2) the fees are reasonable for the services, and any other matter necessary to determine how the claim should be handled.[50]

### F. Unfair Practices and Frauds Act

¶22 The Unfair Practices and Frauds Act is contained in 22 V.I.C. § 1201 which states in full:

(a) No person engaged in the business of insurance shall engage in unfair methods of competition or in unfair or deceptive acts or practices in the conduct of such business as such methods, acts, or practices are defined pursuant to subsection (b) of this section.

(b) In addition to such unfair methods and unfair or deceptive acts or practices as are expressly defined and prohibited by this title, the Commissioner may from time to time by regulations promulgated only after a hearing thereon, define other methods of competition and other acts and practices in the conduct of such business reasonably found by him to be unfair or deceptive.

(c) No such regulation shall be made effective prior to the expiration of 30 days after the date of the order on hearing by which it is promulgated.

---

[50] 22 V.I.C. § 1725.

(d) If the Commissioner has cause to believe that any person is violating any such regulation he shall order such person to cease and desist therefrom. The Commissioner shall deliver such order to such person direct or mail it to the person by registered mail with return receipt requested. If the person fails to comply therewith before expiration of ten days after the cease and desist order has been received by him, he shall forfeit to the people of this territory a sum not to exceed $250 for each violation committed thereafter, such penalty to be recovered by an action prosecuted by the Commissioner.

## III.     LEGAL ANALYSIS

### A. GESC is not a proper party to this suit

¶23     Taking the allegations in the Complaint as true and in a light most favorable to Plaintiff, AeroMD cannot maintain an action against GESC. Although AeroMD contends it is suing the Board Members and not GESC, it is well-settled that suing government officials in their official capacity is not a suit against the individual, but the entity they represent. As the United States Supreme Court put it: "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. . . . It is not a suit against the official personally, for the real party in interest is the entity."[51]

¶24     Sovereign immunity is "[a] government's immunity from being sued in its own courts without its consent."[52] "The Revised Organic Act grants sovereign immunity to the Government of the Virgin Islands for tort claims."[53] When establishing an instrumentality, entity, semi-autonomous corporation, or other division of the GVI, the Virgin Islands Legislature outlines in the enabling statutes the rights and powers of said division. For example, the Virgin Islands Waste Management Authority's ("VIWMA") enabling statute, 29 V.I.C. § 496, states that, among other rights and powers, it shall have the right "to sue and be sued in its corporate name."[54] As this Court stated in *United States Virgin Islands Economic Development Authority v. Hypolite*,[55] "Courts in the Virgin Islands have found the power 'to sue and be sued' instructive, regarding the waiver of sovereign immunity for government entities."[56]

¶25     In *Hypolite*, this Court found that the Economic Development Authority could be sued as, like with VIWMA, the enabling statute gave the agency the power to sue or be sued.[57] Similarly,

---

[51] *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

[52] *Sovereign Immunity*, BLACK'S LAW DICTIONARY (11th ed. 2019).

[53] *Yuxiang Peng v. Williams*, 67 V.I. 482, 485 n.2 (V.I. Super. Ct. 2017).

[54] 29 V.I.C. § 496(d).

[55] Case No. ST-2016-CV-00268, 2019 V.I. LEXIS 10 (V.I. Super. Ct. Jan. 28, 2019) (unpublished).

[56] *Id.* at ¶ 7.

[57] *Id.* at ¶ 9.

*AAC-Air Ambulance Caribbean, Inc. d/b/a AEROMD v. Cigna et al*
Case No. ST-2023-CV-00267
Memorandum Opinion and Order
Page 11 of 12

2024 VI Super 14U

in *United Resources, Ltd. v. Virgin Islands Waste Management Authority*,[58] this Court dismissed some charges against GVI, as the proper party with regard to those claims was VIWMA since it had been granted the right to sue or be sued, partially severing it from the government with regards to tort or contract liability.[59] Conversely, in *Government Employees Retirement System of the Virgin Islands v. Juan F. Luis Hospital & Medical Center*,[60] the Court dismissed the hospital from the case because the Virgin Islands Legislature had not granted it the authority to sue or be sued.[61]

¶26 In the present case, nowhere in GESC's enabling statute, or elsewhere in the subchapter, is there a right for GESC to sue or be sued. Nor is there any sort of indication that the Legislature intended GESC to have this authority. Additionally, there is no indication, either in the enabling statute or elsewhere, that GESC has any sort of autonomous legal existence or is anyway separate from GVI. Given that it is well established that suing government agents in their official capacity constitutes a suit against the respective government division those agents represent, and that GESC has no identity separate from the government or the capability to sue or be sued, then the Court has no subject-matter jurisdiction over GESC and its respective Board Members. Therefore, the individual Board Members must be dismissed from the case.

### B. The claims would fail nonetheless against GESC

¶27 Assuming *arguendo* that GESC and its Board Members may be sued, the claims must still be dismissed. AeroMD has failed to comply with the jurisdictional pre-filing requirements of VITCA, and thus the Court lacks jurisdiction over the tort claims asserted against GESC. The Prompt Pay and Unfair Practices and Frauds statute-based claims must fail as GESC is not an insurer nor does it have the ability to pay under third-party contracts. The only basis for GESC to presently be able to guide payments is in 3 V.I.C. § 640a, which involves only the Chairman of the Board or his designee and is in reference to a Health Insurance Special Projects Fund, which is not, nor is it alleged to be, at issue in this case.[62] Otherwise, the statutes governing GESC permit it to engage a third-party to handle health insurance payments and disbursements as well as authorize the Division of Personnel, not GESC, to handle payments.[63] Finally, the contract claims would fail as GESC is not party to any contract with AeroMD nor does it have any agreements with AeroMD. Therefore, even if the Court did have proper subject-matter jurisdiction over GESC, AeroMD's claims would still be dismissed as to GESC's Board Members.

## IV.    CONCLUSION

¶28 On August 8, 2023, AeroMD filed a Complaint against, *inter alia*, the nine (9) Board Members that compromise GESC alleging thirteen (13) Counts sounding in torts, contracts, equity, and statutory violations of the Prompt Pay and Unfair Practices and Frauds Acts. GESC is a

---

[58] 2024 VI Super 9U.

[59] *See id.* at ¶¶ 4, 22 (dismissing claims against GVI as VIWMA was the proper legal party to the contract).

[60] Case No. SX-2016-CV-00346, 2016 V.I. LEXIS 128 (V.I. Super. Ct. Aug. 29, 2016) (unpublished).

[61] *Id.* at *4-10.

[62] 3 V.I.C. §§ 640(a), 640(e).

[63] 3 V.I.C. §§ 631, 637, 638(c).

government entity created to advise the Governor and the Legislature and assist them in selecting and/or crafting a health insurance plan for the benefit of government employees. In creating GESC, the Legislature did not grant it to the right to sue or be sued or otherwise partition or sever it from GVI as an autonomous or semi-autonomous agency, instrumentality, corporation, or other such division.

¶29    While AeroMD claims it is suing the Board Members individually, it is well-settled that suing a government agent in their official capacity is genuinely a suit against the division or agency they serve. As the Legislature has not severed GESC from the GVI writ large, the Court lacks subject-matter jurisdiction over it in particular. Even if the Court were to have subject-matter jurisdiction, AeroMD's claims against GESC would still fail as AeroMD has not complied with the pre-filing requirements of VITCA; AeroMD is not in privity of contract with GESC; GESC is not an insurer; and GESC does not have the ability to pay under the third-party contracts. Therefore, the nine (9) Board Members shall be dismissed from this case with prejudice.

¶30    Accordingly, it is hereby

ORDERED that **Beverley A. Joseph, Gilbert Commissiong, Lori Anderson, Clemmie Mosses St. John, Lorraine Morton, Andre Dorsey, Dr. Kisha Christian, Debbie Christopher, and John Abramson Jr.** are hereby **DISMISSED from the case WITH PREJUDICE**; and it is further

ORDERED that the **Government Employees Service Commission Health Insurance Board** is hereby **DISMISSED from the case WITH PREJUDICE**; and it is further

ORDERED that a copy of this Memorandum Opinion and Order shall be directed to counsel of record.

**DATED:** March 19 , 2024

_____
**DENISE M. FRANCOIS**
Judge of the Superior Court of the Virgin Islands

**ATTEST:**

**TAMARA CHARLES**
Clerk of the Court

**BY:** _____
**LATOYA CAMACHO**
Court Clerk Supervisor: 3/19/2024

**FILED**
March 20, 2024 10:56 AM
ST-2023-CV-00267
TAMARA CHARLES
CLERK OF THE COURT

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
District of St. Thomas/St. John

| | |
|---|---|
| AAC-Air Ambulance Caribbean, Inc., d./b/a Aeromd, | Case Number: **ST-2023-CV-00267** |
| **Plaintiff** | Action: **Breach of Contract** |
| v. | |
| Cigna Health and Life Insurance Company et al, | |
| **Defendant.** | |

# NOTICE of ENTRY
## of
## <u>Order</u>

**To:** Ryan C. Meade, Esq.      Sheena Conway, Esq.

                   Eric Andrew Hiller, Esq.

                   Maria T. Hodge, Esq.

**Please take notice that on March 20, 2024**
**a(n)** _____ **Memorandum Opinion and Order** _____
**dated** _____ **March 19, 2024** _____ **was/were entered**
**by the Clerk in the above-titled matter.**

**Dated:** **March 20, 2024** _____

            **Tamara Charles**
            **Clerk of the Court**

By:

            **Elizabeth A. David**
            **Chief Deputy Clerk**